OPINION *Page 2 
{¶ 1} On September 15, 2006, appellee, Leaktight, LLC, filed a complaint against appellant, Mary Harris, for money due and owing on a contract. Appellant had contracted with appellee to perform concrete work at her house. After the work was completed, appellant refused to pay the balance due because of poor workmanship.
 {¶ 2} On January 16, 2007, appellee filed a motion for default judgment due to appellant's failure to file an answer. By judgment entry filed January 17, 2007, the trial court granted the motion and awarded appellee as against appellant $3,496.00. On February 16, 2007, appellant filed a motion to vacate judgment. By judgment entry filed June 15, 2007, the trial court denied the motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN AWARDING MONETARY DAMAGES ON A DEFAULT JUDGMENT WITHOUT A HEARING OR ANY SUPPORTING EVIDENCE."
 I {¶ 5} Appellant claims the trial court erred in awarding damages without holding a hearing. We agree.
 {¶ 6} It is uncontested that appellant was in default of the complaint and the entering of a default judgment was correct. However, appellant argues the trial court should have conducted an evidentiary hearing to determine the amount of damages. *Page 3 
 {¶ 7} Attached to appellee's complaint is a copy of the contract clearly stating on its face that $3,496.00 was due upon completion of the construction project. The trial court awarded this specific amount. Neither the complaint nor any affidavit stated whether or not the job had been completed. Had the issue of completion been averred in the verified complaint or in an affidavit provided to the trial court at the time of the default, a hearing would not have been required.
 {¶ 8} Absent either of these two items, we find the award of a monetary amount was premature. The matter is remanded to the trial court for a hearing on damages wherein appellant's participation is limited to cross-examination on damages.
 {¶ 9} The sole assignment of error is granted.
 {¶ 10} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby reversed. By Farmer, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court of Stark County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1